IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFCO CREDIT CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>THE HAMBRECHT 1980 REVOCABLE TRUST,<br><br>   Defendant. | Case No.: C-12-80249 WHA (JSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR ORDER CHARGING JUDGMENT-DEBTOR'S LIMITED LIABILITY COMPANY AND PARTNERSHIP (Dkt. Nos. 23, 24, 26-30); VACATING Dkt. No. 25** |

This actions concerns AFCO Credit Corporation's ("AFCO") attempt to collect a money judgment it obtained in the United States District Court for the Southern District of New York in the amount of $1,131,554.79 against The Hambrecht 1980 Revocable Trust ("Hambrecht") on September 5, 2012. The Judgment was registered in this District on October 19, 2012. (Dkt. No. 1.) Now pending before the Court are seven Motions for Order Charging Judgment-Debtor's Limited Liability Company and Partnership ("Motions"). Hambrecht has not filed any opposition.[1] The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7–

---

[1] Hambrecht did oppose an eighth motion that was originally filed by AFCO, but AFCO subsequently withdrew that motion. (*See* Dkt. Nos. 33, 34.) That motion is accordingly VACATED.

1(b). Accordingly, the hearing set for February 14, 2013 is VACATED. Having considered the parties' pleadings, the Court GRANTS the Motions.

Federal Rule of Civil Procedure 69(a) provides, in part, that: "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See also In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999) (recognizing that Rule 69 authorizes the use of California law by judgment creditor to collect on debt).

With respect to the instant Motion, California Code of Civil Procedure Section 708.310 states:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor' s interest pursuant to Section 15673, 16504, or 17302 of the Corporations Code.

California Corporations Code Section 16504(a) provides:

> On application by a judgment creditor of a partner or a partner's transferee, a court having jurisdiction may charge the transferrable interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or that the circumstances of the case may require.

Section 17302 applies to a member's interest in a limited liability company and has nearly identical language as Section 16504. *See* Cal. Corp. Code § 17302(a).[2]

For each of the seven various partnerships and LLCs AFCO seeks to charge, AFCO provides documentation supporting its contention that Hambrecht owns an interest in each of the entities. In light of this showing, and Hambrecht's lack of opposition to the seven Motions, the Court GRANTS the Motions.

Hambrecht may file objections to this Order under Federal Rule of Civil Procedure 72(a) within 14 days of the filing of this Order.

---

[2] California Corporations Code Section 15673 was repealed, effective January 1, 2010.

IT IS SO ORDERED.

Dated: February 11, 2013

                                                       _____
                                                       JACQUELINE SCOTT CORLEY
                                                       UNITED STATES MAGISTRATE JUDGE